IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 0:07-00664-MBS |
| | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Kelzin Squirewell, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

     Kelzin Squirewell ("Defendant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant filed the within § 2255 motion on June 4, 2012. ECF No. 176. On June 28, 2012, the United States of America (the "Government") filed a motion to dismiss. ECF No. 280. On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Defendant of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. ECF No. 181.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

     On September 4, 2007, the Government filed a four count superseding indictment against Defendant. ECF No. 15. The superseding indictment charged Defendant with conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), & 846 ("Count 1")[1]; having been convicted of a crime punishable by imprisonment for more than one year, knowing possession in and affecting commerce, firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), & 924(e) ("Count 2"); possession with intent to

---

[1] On June 9, 2008, the Government dismissed Count 1 of the superseding indictment. ECF No. 94.

distribute five grams or more of cocaine base, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), & 841(b)(1)(D) ("Count 3"); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 4"). *Id.* On September 19, 2007, the Government filed an information pursuant to 21 U.S.C. § 851, notifying Defendant that he was subject to increased penalties because of his 1996 conviction in South Carolina for possession with intent to distribute cocaine.[2] ECF No. 28. On June 17, 2008, a jury returned guilty verdicts on all counts. ECF No. 107. Due to Defendant's prior drug conviction, he was subject to a mandatory minimum sentence of 120 months incarceration on Count 3 pursuant to 21 U.S.C. § 841(b)(1)(B)(iii).[3] On November 6, 2008, Defendant was sentenced to incarceration for a period of 180 months, and judgment was entered. ECF Nos. 132 & 133.[4]

On November 12, 2008, Defendant filed an appeal. The Fourth Circuit affirmed the court's judgment on October 13, 2009, ECF Nos. 173 & 174, and the mandate was filed on November 4, 2009, ECF No. 175. Defendant filed a petition for a writ of certiorari to the Supreme Court. The petition was denied on November 29, 2010. ECF No. 176 at 2.

---

[2] On November 15, 1996, Defendant was sentenced to incarceration for a period of four years. ECF No. 128 at 13. Defendant was released on October 14, 1997. *Id.*

[3] 21 U.S.C. § 841(b)(1)(B) was amended by the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, on August 3, 2010.

[4] Defendant was also subject to a mandatory minimum sentence of sixty months on Count Four, to run connectively to any other term of imprisonment the court imposed. *See* 21 U.S.C. § 924(c).

## II. DISCUSSION

Defendant asserts that he is entitled to relief under § 2255 because the prior conviction noticed in the Government's information pursuant to 21 U.S.C. § 851, did not, under *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc), warrant increased punishment. The Government asserts that Defendant's § 2255 motion should be dismissed as time-barred. The court agrees.

A defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

When a defendant has filed a petition for a writ of certiorari and the Supreme Court denies review, the judgment of conviction becomes final on the date of denial. *United States v. Segers*, 271 F.3d 101 (4th Cir. 2000). Because the Supreme Court denied Defendant's petition on November 29, 2010, Defendant had until November 29, 2011, to file a § 2255 motion. Therefore, Defendant's June 4, 2012 § 2255 motion was not filed within one year from the date the judgment of conviction became final.

Furthermore, Defendant does not allege the Government created an impediment that prevented him from filing his motion, or assert relief under a newly recognized right made

3

retroactively applicable to cases on collateral review. Defendant cites *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) as a basis for relief. *Simmons* applied the Supreme Court's decision in *Carachuri–Rosendo v. Holder*, 130 S. Ct. 2577 (2010), to hold that the analysis of whether a prior conviction qualifies as a felony must focus on whether the defendant before the court could have received a sentence exceeding twelve months given his aggravating circumstances and criminal past, and not whether a hypothetical defendant could have. However, the Fourth Circuit recently held that the Supreme Court's decision *in Carachuri–Rosendo*, and its decision in *Simmons* are not retroactive to cases on collateral review. *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). Finally, Defendant does not assert that his § 2255 motion relies on newly discovered evidence.

Accordingly, Defendant's § 2255 motion is time-barred.

### III. CONCLUSION

For those reasons, Defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. The Government's motion to dismiss is **GRANTED**.

## <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).  The court concludes that Defendant has not made the requisite showing.  Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

<u>s/ Margaret B. Seymour</u>
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
April 22, 2013

5